1
2
3
4
5                     UNITED STATES DISTRICT COURT
6                     EASTERN DISTRICT OF WASHINGTON

7   REBECCA G. LAVELLE,

8            Plaintiff,                    NO.  CV-07-039-RHW

9        v.
                                           **ORDER DISMISSING**
10  STEVEN K. LAVELLE;  PAMELA             **AMENDED COMPLAINT**
    R. BARKER; MICHAEL E.
11  LITTLE; GERI M. NEWELL,
    COMMISSIONER FRED
12  ARONOW,

13           Defendants.

14

15

16        Before the Court is Plaintiff's Amended Complaint against Defendants,

17  Steven LaVelle, Pamela Barker, Michael Little, Geri Newell, and Fred Aronow

18  (Ct. Rec. 10).  Plaintiff is acting *pro se*.  Plaintiff was granted permission to

19  proceed *in forma pauperis* by court order (Ct. Rec. 3).  The Court reviewed the

20  complaint for legal sufficiency on June 1, 2007. (Ct. Rec. 5).  The Court found that

21  the original complaint was not legally sufficient to support a 42 U.S.C. § 1983

22  claim because most of the defendants were not state actors and the single defendant

23  who was a state actor enjoyed judicial immunity (Ct. Rec. 5).

24        Without a valid § 1983 claim, the Court found that there was no subject

25  matter jurisdiction and granted Plaintiff leave to amend her complaint within sixty

26  days (Ct. Rec. 5 at 6).  On August 10, 2007, Plaintiff filed a motion for an

27  extension of time to file her Amended Complaint (Ct. Rec. 6).  The Court granted

28  Plaintiff's motion for an extension of time (Ct. Rec. 9).  Plaintiff filed her

**ORDER DISMISSING AMENDED COMPLAINT * 1**

Amended Complaint on October 24, 2007 (Ct. Rec. 10).  The Amended Complaint is now examined for legal sufficiency under 28 U.S.C. § 1915(e).

## BACKGROUND

The Amended Complaint asserts claims surrounding a child custody dispute in State court.  The Amended Complaint alleges that Plaintiff's mother, husband, husband's attorney, court appointed Guardian Ad Litem, and a Commissioner have deprived Plaintiff and her children of constitutional rights.  More specifically, Plaintiff alleges jurisdiction for violation of several federal statutes: 18 U.S.C. § 241 (conspiracy to deprive constitutional rights), 18 U.S.C. § 1016 (making a false oath to the United States or one of its agencies), 18 U.S.C. § 1509 (obstruction of United States court orders), 18 U.S.C. § 1623 (committing perjury in front of a United States court), 18 U.S.C. § 2258 (professionals that do not report child abuse that is learned of on federal grounds or facilities), 42 U.S.C. § 1988 (attorneys fees for civil rights cases), and 42 U.S.C. § 13981 (crimes of violence motivated by gender).

In addition, Plaintiff sets forth eleven counts or claims under State law: civil conspiracy, mental injury to a child, intentional infliction of emotional distress, malicious interference with family relations, obstruction of justice, false imprisonment/custodial interference, intentional interference economic relations, intentional destruction of property, perjury, outrageous abuse of authority, and malicious abuse of process.

## DISCUSSION

Complaints *in forma pauperis* are reviewed for legal sufficiency. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  If the complaint is "frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief" then the district court is required to dismiss the claim.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 n.7 (9th Cir. 2000).

This Amended Complaint fails to state a claim upon which relief may be

**ORDER DISMISSING AMENDED COMPLAINT * 2**

1  granted, and one of the defendants is immune from relief. The Amended Complaint
2  fails to state a claim upon which relief may be granted because there is no private
3  cause of action under the federal statutes that are cited and the statutes are not
4  applicable to the facts alleged.  With no cause of action under a federal statute,
5  only state law claims relating to the child custody dispute are left. These  leave the
6  Court without federal question jurisdiction to decide the claims.

7        Plaintiff asserts claims under five different statutes found in Title 18, which
8  is the federal criminal code. These statutes cover conspiracy against rights, fraud
9  against the United States, interfering with a United States court order,  committing
10  perjury in front of a United States court, and failing to report child abuse that is
11  learned of on federal property.

12        All of the statutes except one require some connection with the federal
13  government.  The statute that does not, 18 U.S.C. § 241, regards conspiracy against
14  constitutional rights, but the Ninth Circuit has already ruled that no private cause
15  of action exists under § 241.  *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (1980).

16        The other Title 18 statutes do not create subject matter jurisdiction because
17  they do not give a private cause of action and they do not apply to the facts alleged
18  in the Amended Complaint.

19  **A.    There is no private cause of action under 18 U.S.C. §§ 1016, 1509, 1623, and 2258.**

20        If Congress intends to create a private cause of action under a federal statute,
21  then federal courts should find a private cause of action under the given statute.
22  *Transamerica Mortgage Advisors, Inc. v. Lewis,* 444 U.S. 11, 15 (1979).
23  Congress' intent is determined by examining "the language or structure of a statute
24  or the circumstances of its enactment."  *Id.*  "[W]hether a statute creates a cause of
25  action, either expressly or by implication, is basically a matter of statutory
26  construction."  *Id.*  If the language of the statute expressly gives a remedy then
27  courts should be wary when they are requested to add an additional remedy that is
28  not expressly provided for in the statute.  *Id.*

**ORDER DISMISSING AMENDED COMPLAINT * 3**

1      The structure of these statutes indicates that Congress intended them to be

2  criminal only.  They are placed within the United States Code alongside other

3  statutes over which the United States would have criminal jurisdiction.  They

4  provide no civil remedies, only criminal remedies like a fine and imprisonment.

5  The language and structure of these statutes do not show any intent by Congress to

6  give a private cause of action under these statutes.

7      The circumstances of the enactment of Title 18 also do not indicate a private

8  cause of action exists.  When Title 18 was passed into law, it took various federal

9  criminal statutes that were in effect on April 15, 1947, and organized them into

10  Title 18.  93 Cong. Rec. 5181, 5182 (1947).  Congress understood the bill to be

11  targeted at the organization of criminal statutes in order to effectively prosecute

12  criminals.  *Id.*  "You will find no radical changes in the philosophy of our criminal

13  law in this bill.  There is no attempt made here to coddle criminals and

14  wrongdoers."  *Id.*

15      The circumstances surrounding the enactment of Title 18 indicate that

16  Congress understands these statutes as primarily criminal.  This, coupled with the

17  plain language of the statutes themselves, demonstrates Congress' intent not to

18  create a private right of action under these statutes.  Given the remedies under these

19  statutes and Congress' understanding of the type of statutes that are placed under

20  Title 18, no relief can be granted to a private party under these statutes.  As a

21  result, the introduction of these claims will not give Plaintiff legal sufficiency to

22  proceed with the Amended Complaint.

23  **B.    The facts alleged do not meet the elements of 18 U.S.C. §§ 1016, 1509, 1623, and 2258.**

24

25      These statutes require the involvement of the federal government in one way

26  or another.  Under § 1016 a false declaration must be made to the United States or

27  to one of its agencies. 18 U.S.C. § 1016.  Under §1509 there must be interference

28  with a United States court order. 18 U.S.C. § 1509.  Under § 1623 perjury must be

    committed in front of a United States court. 18 U.S.C. § 1623.  Under § 2258 a

**ORDER DISMISSING AMENDED COMPLAINT * 4**

person must fail to report child abuse that he or she learns of on federal grounds or facilities. 18 U.S.C. § 2258.

The Amended Complaint does not allege that false declarations were made against the United States, but against the Plaintiff or other individuals (Ct. Rec. 10).  There are no allegations of interference with a United States' court order, but there are claims of interference with a State court order (Ct. Rec. 10 at 5-9). Perjury in front of a United States court is not alleged, only perjury in front of a State court (Ct. Rec. 10 at 8-10).  The Amended Complaint alleges constitutional deprivations and mental injury to Plaintiff's children, but nothing in the complaint supports a claim that any child abuse was not reported that was learned of on federal grounds (Ct. Rec. 10 at 9, 13).  The claims are based on an underlying, State court dispute, and there is no federal connection.  Since these statutes do not apply, even if there was a private cause of action under them this Court would still be unable to provide relief.

**C.    Claims under 42 U.S.C. §§ 1983 and 1988.**

This Court previously determined that there was only one Defendant against whom a § 1983 claim could be brought because the other Defendants are not state actors (Ct. Rec. 5).  The Amended Complaint does not allege any additional facts that indicate any change in Defendants' status as state actors.  Nor has Plaintiff alleged facts that would show that the single Defendant who is a state actor no longer enjoys judicial immunity for those actions.  Therefore, Plaintiff's cause of action under § 1983 is still not legally sufficient, and attorney fees under § 1988 will not be applicable.

**D.    42 U.S.C. § 13981**

The United States Supreme Court has ruled that Congress had no constitutional power to enact 42 U.S.C. § 13981.  *United States v. Morrison,* 529 U.S. 598, 618 (2000). Therefore, no relief can be granted under this statute.

**ORDER DISMISSING AMENDED COMPLAINT * 5**

**E.    Dismissal of Amended Complaint**

Plaintiff has failed to make a legally sufficient claim because the facts alleged do not support causes of action under the statutes and some of the statutes do not give a private cause of action.  A *pro se* litigant must be given the opportunity to amend her complaint to correct any deficiencies, unless the "pleading could not possibly be cured by the allegation of other facts." *Lopez,* 203 F.3d at 1130.

Plaintiff has had an opportunity to amend, and this pleading cannot be cured by allegations of other facts.  The federal statutes that Plaintiff relies on do not give her any private causes of action, regardless of the facts she pleads.  The other claims are simply outside the scope of federal court jurisdiction.  Claims like interference with family relations, malicious interference with children, and intentional infliction of emotional distress against private parties are not within the subject matter jurisdiction of this Court to decide.  The federal courts are not the proper forum for this case.  Therefore, this case is not legally sufficient to proceed *in forma pauperis* and **this action  is dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2).**

**IT IS SO ORDERED.** The District Court Executive is directed to enter the Order,  forward a copy to Plaintiff, and **close the file**.

**DATED** this 14th day of  December, 2007.


*s/Robert H. Whaley*
ROBERT H. WHALEY
Chief United States District Judge




Q:\CIVIL\2007\LaVelle\Order Dismissing Amended Complaint.wpd

**ORDER DISMISSING AMENDED COMPLAINT * 6**